Butterworth *v.* Bliss.

[New York General Term, November 2, 1868. *Geo. G. Barnard, Ingraham* and *Cardozo,* Justices.]

———•●•———

BUTTERWORTH <em>vs.</em> BLISS and others.

A lease of a store contained a provision that if the lessor should sell the building he would pay to the lessees, out of the proceeds of the sale, $1200, and if the building should be taken down, at the expiration of the lease, the lessees should have the right to take from the premises certain fixtures, and for such other expense as they should have contributed towards building the store they should be paid out of the sale, if made, "a pro rata share of the amount received for the building, in proportion as the amount advanced by the lessees," should "bear to the whole cost of the building."

Butterworth *v.* Bliss.

*Held* 1. That the lease provided for two events, either of which might happen, viz. taking down the building, or selling it. Which of the two was to be done rested entirely in the option of the lessor, and the lessees had no right to dictate, or to be consulted as to his determination.

2. That the parties intended, by the first provision, to fix a sum which should be an equivalent for the fixtures, which sum was fixed at $1200. If sold, the lessees were to be paid $1200; if not sold, they had the right to remove them.

3. That the second provision contemplated compensation for any other expense except the shutters, &c. in case a sale was effected, but nothing if the building was taken down; and the lessees had no reservation of any materials used therefor.

4. That the lessees had no right to complain that the building was sold at a price much less than its value, and that no notice of the intended sale was given them by the lessor; as they could not be injured by a sale at any price; but a sale would operate to their benefit in giving them a portion of the price, while they would get nothing if no sale was effected.

5. That unless the sale was to be held valid, there was no sum of which the lessees were entitled to a pro rata portion.

6. That there was no trust for the lessees' benefit; nor was the sale, in any event, to be made for their interest; but the only contract was to pay a portion of the sum received.

7. That neither of the parties were entitled to interest on their advances, in ascertaining the proportions to belong to each. The allowance was to be in proportion as the amount advanced should bear to the whole cost of the building; not the amount advanced and interest.

8. That a charge for a furnace, put in by the lessees long after the building was finished, was no part of the expense for building the store; and it might have been removed by them before leaving.

THE plaintiff sued for the last quarter's rent of the lot and the building thereon, number 390 Broadway, New York, upon a lease dated July 13, 1859, from the plaintiff to the defendants, for the term of six years, eight months and fifteen days, from the 1st day of August, 1859, at $12,000 a year. The defendants set up a counter-claim, arising under the terms and provisions of that lease. The lease contains this provision: "It is further agreed by the party of the first part, that in case he shall sell the building now on the premises hereby granted, he will pay to the parties of the second part, out of the proceeds of such sale the sum of twelve hundred dollars; and further, that

if the building is not sold, and shall be taken down by the party of the first part at the expiration of the lease, the parties of the second shall have the right to take from the premises the Badger shutters and the enclosure of the front stairway on the first story, and for such other expense as said parties of the second part may have *contributed* towards the building of the store now on the premises, they shall be paid out of the proceeds of the sale, should a sale of the same be made, a *pro rata* share of the amount received by said party of the first part, in proportion as the amount advanced by them shall bear to the whole cost of the building."

On the 4th of December, 1865, about five months before the expiration of the lease, without notice to the defendants, or consultation with them, the plaintiff sold this building to Mr. A. M. Bruen, the owner of the fee, for $7650. The defendants had no notice of the sale, and no opportunity to procure a purchaser.

The answer claims, first, the $1200 agreed to be paid out of the proceeds of the sale, with interest. The right to this sum was conceded. Secondly, a *pro rata* share of those proceeds, proportioned to their advances; and, thirdly, that the plaintiff had not acted with care, fidelity and diligence, and had not obtained the best price that might have been obtained, and that the defendants were entitled to their *pro rata* share of such further sum as might have been so obtained.

On the trial, at the close of the testimony, the court announced that it should direct a verdict for the plaintiff. The defendants requested the court to charge the jury that, in ascertaining the amount of the advances of the defendants, the latter were entitled to interest on the sum advanced, from the time the advances were made to the time of sale. The court refused so to charge, and ruled that the defendants were only entitled to interest on their share of the proceeds from the time of sale; to which

---

Butterworth v. Bliss.

---

refusal and ruling the defendants excepted. The defendants also requested the court to charge that the plaintiff was bound to act with care, diligence and fidelity, and for the best interest of the parties, and to get the best price for the building which could be obtained, and to permit the defendants to go on that question to the jury. The court declined so to charge, and also declined to permit the defendants to go on that question to the jury; to these refusals respectively the defendants excepted. The defendants also requested the court to charge the jury that the jury might consider the amount paid by the defendants for a furnace as forming part of their advances. The court declined so to charge, and the defendants excepted. The court directed a verdict for the plaintiff for $1543, to which direction the defendants excepted. The jury so found.

The judge, at the trial, directed the exceptions to be heard in the first instance at the general term, and in the meantime judgment to be suspended.

*E. S. Van Winkle*, for the plaintiff.

*Wm. Bliss*, for the defendants.

*By the Court*, INGRAHAM, P. J. The lease under which the rent accrued, which is the subject of this action, contained a provision, that if the plaintiff should sell the building on the premises, he would pay to the lessees out of the proceeds of the sale twelve hundred dollars, and if the building should be taken down at the expiration of the lease, the lessees should have the right to take from the premises the Badger shutters and other fixtures, and for such other expense as the lessees should have contributed towards building the store, they should be paid out of the sale, if made, " a pro rata share of the amount

received for the building, in proportion as the amount advanced by the lessees shall bear to the whole cost of the building." The plaintiff did not own the fee. He had a lease which expired about the same time as the lease he gave to the defendants.

The construction of this agreement is not difficult. It provided for two events, either of which might happen, viz. taking down the building, or selling it; which was to be done rested entirely in the option of the plaintiff, and the defendants had no right to dictate or to be consulted as to his determination. It is apparent that the .parties intended by the first provision to fix a sum which should be an equivalent for the Badger shutters, &c. This was fixed at twelve hundred dollars. If sold, the defendants were to be paid twelve hundred dollars; if not sold, the defendants had the right to remove them.

The second provision contemplated compensation for any other expense except the shutters and enclosure of the stairway in case a sale was effected, but nothing if the building was taken down, and the defendants had no reservation of any materials used therefor. In case of a sale this compensation was to be a pro rata share of the amount received by the plaintiff, "in proportion as the amount advanced by them shall bear to the whole cost of the building." The defendants complain that the building was sold at a price much less than its value, and that no notice of the intended sale was given them by the plaintiff.

I am at a loss to see how the defendants could be injured by a sale at any price. They could receive nothing if the building was taken down. They could not compel a sale, nor could they control the plaintiff in making it. Under such circumstances it may well be concluded that they were willing to leave the entire control of the same to the plaintiff as they did in the contract, because a sale at any price operated to their benefit in giving them a portion of

the price, while they could get nothing if no sale was effected.

Unless the sale is to be held valid, there is no sum of which the defendants are entitled to a pro rata portion. That is to be estimated on the price for which the house should be sold, not for what the plaintiff might have obtained. It is not the case of a sale which must be made to settle the rights and interests of all the parties. The defendants' interest ceased with the lease, and there was no obligation on the part of the plaintiff either to give notice of his intent to sell, or to use any diligence or endeavor to do for the defendants any thing in the sale which he did not do for himself. If there was no obligation to sell, there could have been no implied obligation to sell at the best price. There was no trust for the defendants' benefit; nor was the sale in any event to be made for their interest, but the only contract was to pay a portion of the sum received.

I do not express any opinion upon the question whether if the plaintiff had been guilty of a fraud in making the sale, the defendants might not recover damages for such fraud. No such ground is stated in the answer, nor was any fraud proven on the trial. No such defense was submitted, or request made to go to the jury thereon.

These views dispose of the point raised as to the exclusion of the value of the building, or the objection as to the time of sale, and also of evidence to show negligence in making the sale.

The ruling of the judge in regard to interest on the advances was not erroneous. The allowance was to be in proportion as the amount advanced should bear to the whole cost of the building; not the amount advanced and interest. If the defendants were entitled to interest on their advances, the plaintiff would likewise be entitled to interest on his advances, and then the result would be the same. Both parties had enjoyed the fruits of their ad-

vances during the lease, and neither was entitled to add interest, in ascertaining the proportions to belong to each.

The charge for the furnace was no part of the expense for building the store. It was not put in till long after the building was finished, and might have been removed by the tenants before leaving.

I see no reason for interfering with the verdict, supposing the amount to be settled by the judge according to the rulings above referred to.

Judgment should be ordered upon the verdict.